UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JOHNSON,<br><br>                Petitioner,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner,<br>Social Security Administration,<br><br>                Respondent. | Case No.: 20-CV-747 JLS (AHG)<br><br>**ORDER: (1) GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS*, (2) GRANTING PETITIONER'S MOTION FOR PAGE COUNT WAIVER, (3) DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR ELECTRONIC ACCESS, (4) DISMISSING WITHOUT PREJUDICE WRITS, (5) DENYING AS MOOT PETITIONER'S REMAINING MOTIONS**<br><br>(ECF Nos. 1, 2, 3, 4, 5, 6, 10) |

      Presently before the Court are Petitioner James Johnson's Writs of Mandamus (1 to 6) (Redacted) ("Writs," ECF No. 1), as well as his Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion," ECF No. 2), Request for Appointment of Counsel ("Counsel Mot.," ECF No. 3), Ex Parte Motion for Electronic Access and E-mail Noticing ("CM/ECF Mot.," ECF No. 4), Ex Parte Motion for Page Count and Local Rule Waiver ("Page Count Mot.," ECF No. 5), Ex Parte Motion for Attorney's Fees and Costs

("Fee Mot.," ECF No. 6), and Ex Parte Emergency Motion to Bifurcate Writs 1 to 6 ("Bifurcation Mot.," ECF No. 10). Having carefully considered Petitioner's Motions, legal arguments, and the applicable law, the Court **GRANTS** Petitioner's IFP and Page Count Motions; **DENIES WITHOUT PREJUDICE** Petitioner's CM/ECF Motion; **DISMISSES WITHOUT PREJUDICE** Petitioner's Writs; and **DENIES WITHOUT PREJUDICE AS MOOT** Petitioner's Counsel, Fee, and Bifurcation Motions.

### *IN FORMA PAUPERIS* MOTION

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's or petitioner's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Although the statute does not specify the qualifications for proceeding IFP, the plaintiff's or petitioner's affidavit must allege poverty with some particularity. *Escobeda v. Applebees*, 787 F.3d 1226, 1234 (2015). Granting a plaintiff or petitioner leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in a plaintiff's or petitioner's inability to afford the "necessities of life." *Id.* The affidavit, however, need not demonstrate that the plaintiff or petitioner is destitute. *Id.*

Here, Petitioner's affidavit shows that he earns $930.00 per month in disability, with no other sources of income. *See* IFP Mot. at 1–2. Petitioner has $100.00 cash, *see id.* at 2; $2.00 in his checking account, *see id.*; and a Honda Accord LX worth approximately $1,000.00. *See id.* at 3. Petitioner is currently homeless, *see id.* at 4, and his monthly expenses equal his monthly disability income. *See id.* at 4–5.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

The Court concludes that Petitioner adequately has demonstrated that paying the $400 filing fee would result in his inability to afford the necessities of life. Accordingly, the Court **GRANTS** Petitioner's IFP Motion.

## PAGE COUNT MOTION

Noting that, "[b]y the time the court reviews this case, [he] will likely already be homeless, thus unable to effectively make changes to the filings," Petitioner requests that the Court "provide a local rule waiver (if any is needed) as it relates to page counts and mundane aspects of brief and writ construction, given Petitioner is severely disabled, limited in abilities, forced Pro Se and the fact the Writ of Mandamus is actually 6-parts (6-Writs)." Page Count Mot. at 1–2.

"Although [courts] construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (citing *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987)). Consequently, the Court is unable—and unwilling—to provide a blanket waiver to the Federal Rules of Civil Procedure and this District's Local Rules.

Further, pursuant to Civil Local Rule 7.1(h) (emphasis added), "[b]riefs or memoranda in support of *all motions* . . . noticed for the same motion day must not exceed *a total* of twenty-five (25) pages in length . . . *for all such motions* without leave of the judge who will hear the motion." This means that Petitioner's Writs were limited to a total of twenty-five pages; however, Petitioner's Writs alone consist of 244 pages, with an additional 926 pages of declarations and exhibits. Particularly given Petitioner's claim to entitlement to "emergency" relief because "[t]ime is of the [e]ssence," *see, e.g.*, Writs at 8, 26, 87; Bifurcation Motion, Petitioner is encouraged to hew as closely as possible to the District's page limitations. *See infra* pages 11–12. Nonetheless, the Court will not reject the Writs as currently filed for failure to comply with these page limits. Accordingly, the Court **GRANTS** Petitioner's Page Count Motion, although the Court also counsels Petitioner to be mindful of the Court's finite resources.

///

# CM/ECF MOTION

Generally, "[e]xcept as prescribed by local rule, order, or other procedure, the Court has designated all cases to be assigned to the Electronic Filing System." S.D. Cal. CivLR 5.4(a). With respect to *pro se* litigants, however, "[u]nless otherwise authorized by the court, all documents submitted for filing to the Clerk's Office . . . must be in legible, paper form." Office of the Clerk, United States District Court for the Southern District of California, *Electronic Case Filing Administrative Policies and Procedures Manual*, § 2(b) (Aug. 1, 2019) [hereinafter, "*ECF Manual*"]. "A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual." *Id.* The manual refers to the Court's official web site for CM/ECF technical specifications, *id.* at § 1(i), which include a "[c]omputer running Windows or Macintosh"; "[s]oftware to convert documents from a word processor format to portable document format (PDF)," such as "Adobe Acrobat 7.0 and higher"; "[i]nternet access supporting a transfer rate of 56kb or higher"; a compatible browser, such as "Firefox 15, Internet Explorer 9, and Safari 5.1/6 or later version"; a "[s]canner to image non-computerized documents 400 pixels per inch (ppi)"; and a PACER account. United States District Court, Southern District of California, CM/ECF: General Info, https://www.casd.uscourts.gov/cmecf.aspx#undefined1 (last visited June 8, 2020) [hereinafter, "CM/ECF: General Info"].

Petitioner indicates that he "ha[s] access to a computer with internet access and the latest version of Mozilla Firefox as well as an ability to read PDF files" and "an ability to create PDF files at this time." CM/ECF Mot. at 2. Petitioner also explains that "[he is] indigent (live[s] below the Federal Poverty Guidelines) and live[s] far away from the court house" and "[i]t costs [him] about $25 round trip to drive to the court house each time so [he] ha[s] a genuine need to try and reduce this cost, give it consumes [his] food money." *Id.* at 1. Further, "[Petitioner is] also disabled and unable to sit for prolong periods of time,

///

which makes driving to and from the court house difficult and often painful physically." *Id.* at 1–2.

Although the Court sympathizes with Petitioner's situation, he has failed to indicate that he has access to all of the hardware and software necessary to participate in CM/ECF. *See* CM/ECF: General Info. Further, the Court has concerns regarding Petitioner's continuing access to these resources given that he is now homeless, *see, e.g.*, Writs at 9; IFP Mot. at 4; Page Count Mot. at 1, although the Court recognizes that Petitioner's homelessness presents its own challenges when it comes to paper filing. Nonetheless, paper filing is the default for pro se litigants, *see ECF Manual* § 2(b), and it is incumbent on Petitioner to demonstrate that access to CM/ECF is warranted. *See id.* Accordingly, the Court **DENIES WITHOUT PREJUDICE** Petitioner's CM/ECF Motion.

## SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

### I.  Standard of Review

Because Petitioner is proceeding IFP, his Writs require a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Bell-Sparrow v. Am. Arbitration Ass'n*, No. 19-CV-00997-TSH, 2019 WL 1767203, at *1 (N.D. Cal. Apr. 22, 2019) (screening IFP writ); *Banks v. Song*, No. 17-CV-1460 JLS (WVG), 2017 WL 4810097, at *1 (S.D. Cal. Oct. 25, 2017) (same); *Street v. Arizona*, No. CV-11-08009-PCT-NVW, 2011 WL 206143, at *1 (D. Ariz. Jan. 20, 2011) (same); *Bird v. Bowen*, No. CIVS081088MCECMK, 2008 WL 3059466, at *1 (E.D. Cal. Aug. 5, 2008) (same). Under this statute, the Court must *sua sponte* dismiss a complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted.)

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d

1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Further, "[w]hile factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678). Courts cannot accept legal conclusions set forth in a complaint if the plaintiff has not supported her contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679). Finally, in deciding whether Petitioner has stated a plausible claim for relief, the Court also may consider exhibits attached to his filing. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citing *Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc.*, 583 F.2d 426 (9th Cir. 1978) (noting that "material which is properly submitted as part of the complaint may be considered" in ruling on a Rule 12(b)(6) motion to dismiss)).

Courts have a duty to construe a *pro se* litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). In giving liberal interpretation to a *pro se* complaint, however, a court may not "supply essential elements of claims that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect," unless the court determines that

"the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

## II. Petitioner's Factual Allegations

On April 20, 2020, Petitioner filed six "emergency" writs, purportedly on an *ex parte* basis,[2] *see* Writs at 16, against the Commissioner of the Social Security Administration. *See generally id.* Petitioner alleges that this Court has federal question jurisdiction, *see* Writs at 17, as well as mandamus jurisdiction pursuant to 28 U.S.C. § 1361, *see* Writs at 17, and jurisdiction under the Administrative Procedures Act, 5 U.S.C. § 706, *see* Writs at 20, and the All Writs Act, 28 U.S.C. § 1651. *See* Writs at 20; *see also generally id.* at 22–23.

Petitioner's Writs are lengthy, spanning 244 pages plus an additional 103 exhibits spanning 926 pages. *See generally* Writs. Nonetheless, the Court attempts to summarize the pertinent factual background:

/ / /

---

[2] Petitioner does not cite any authority allowing the Court to rule on the writs *ex parte* without hearing from the Commissioner. *See generally* Writs. "In our adversary system, *ex parte* motions are disfavored." *Ayestas v. Davis*, 584 U.S. __, 138 S. Ct. 1080, 1091 (2018); *accord United States v. Thompson*, 827 F.2d 1254, 1257 (9th Cir. 1987)). Consequently, "opportunities for legitimate ex parte applications are extremely limited." *Maxson v. Mosaic Sales Sols. U.S. Operating Co., LLC*, No. 2:14-CV-02116-APG, 2015 WL 4661981, at *1 (D. Nev. July 29, 2015) (quoting *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989)). A proper *ex parte* motion must "address . . . why the regular noticed motion procedures must be bypassed," *i.e.*, "it must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). This requires the moving party to "show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.*

Here, even if Petitioner would be irreparably prejudiced by allowing the Commissioner an opportunity to respond, as discussed below, *see infra* page 11, Petitioner filed a substantially similar action approximately six months ago, which he voluntarily dismissed. Petitioner refiled the instant Writs less than two months before his second hearing before the ALJ. The Court cannot conclude under these circumstances that Petitioner is without fault in creating the exigency leading to Petitioner filing his Writs *ex parte*.

Petitioner filed claims for Supplemental Security Income ("SSI") and Social Security Disability Insurance ("SSDI") on June 29, 2012. *Id.* at 42. Petitioner's SSI claim regarding peripheral neuropathy disability was approved November 22, 2013, *id.* at 42–43, although the Agency withheld six months of payments for June 2012 through February 1, 2013. *Id.* at 42. The Agency began paying Petitioner's SSI benefits in January 2014, although the Agency erroneously classified Petitioner as a dependent adult. *See id.* at 43.

The first hearing on Petitioner's SSDI claims was held on December 20, 2016. *Id.* at 45. Prior to that date, Petitioner filed subpoena requests so that he might secure vital testimony and arranged for his treating physicians to testify by telephone. *Id.* At the hearing, Petitioner informed that Administrative Law Judge ("ALJ") that several records he had submitted were missing from his case file. *See id.* The ALJ concluded the hearing without addressing Petitioner's subpoenas or without hearing the testimony of Petitioner's witnesses. *See id.* Petitioner's witnesses can no longer be located. *See id.* at 53.

On July 12, 2017, the ALJ denied Petitioner's SSDI claims on the grounds that Petitioner was not disabled between the alleged onset date of December 31, 2010, through the date last insured of December 31, 2020. *See generally* ECF No. 1-9 Ex. 23.

Petitioner requested review by the Appeals Council. Writs at 46. On July 20, August 28, and December 7, 2017, Petitioner requested from the Appeals Council the written transcript and audio recording of the hearing. *See id.*; *see also* ECF No. 1-6 Exs. 5 & 6; ECF No. 1-8 Ex. 19. He received no response. *See* Writs at 46. Despite not having received his case file, Petitioner filed a provisionary brief on December 14, 2017. *See id.*; *see also* ECF No. 1-8 Ex. 18. Eventually, Petitioner received a copy of his case file, which was missing evidence he had submitted, and the hearing transcript. *See* Writs at 47. Petitioner then filed his official brief with the Appeals Council on August 4, 2018. *See id.* at 48; *see also* ECF Nos. 1-4–5 Ex. 4.

On October 29, 2018, the Appeals Council remanded Petitioner's case to the ALJ. *See id.* at 48; *see also generally* ECF No. 1-10 Ex. 24. Specifically, the Appeals Council instructed the ALJ to "[c]larify the alleged onset date of disability and further evaluate the

nature and severity of the claimant's medically determinable impediments throughout the entire period at issue" and "[t]o address the claimant's subpoena requests." Ex. 24 at 4. As far as Petitioner's claims of "improper procedures, bias, and misconduct" on the part of the ALJ, the Appeals Council concluded that the ALJ had not abused his discretion. *See id.*

In December 2018, Petitioner received compact discs ("CDs") containing his case file. *See* Writs at 48. Petitioner, however, could not access the CDs because he did not have access to a computer with a CD drive; accordingly, he requested a hard copy of his case file on February 19, and March 25, 2019. *See id.* Again, Petitioner received no response. *See id.* Eventually, on multiple occasions, Petitioner requested an Electronic Records Express account. *Id.* at 49. His requests for an account were ignored. *See id.* He also contacted the Agency regarding gaining access to his case file through his Social Security Online Account, *see* Writs at 51; ECF No. 1-15 Ex. 52, but he never received a response or access to his account. *See* Writs at 51.

In the meantime, Petitioner received a call on May 7, 2019, requesting to schedule the hearing on remand. *See id.* at 48; *see also* ECF No. 1-14 Ex. 46. Petitioner objected both over the phone, *see* Writs at 48, and again in a follow-up letter. *See* Writs at 49; Ex. 46. He received no response to his objections. *See* Writs at 49.

By letter dated June 11, 2019, Petitioner received a notice of hearing scheduled for October 1, 2019. *See id.* at 49; *see also* ECF No. 1-4 Ex. 1. The notice indicated that the Agency intends to call two new witnesses: (1) a medical expert, and (2) a new vocational expert. *See* Writs at 52. Petitioner objected—both to the notice and to the new experts— and again requested access to his case file. *See* Writs at 50, 52; *see also* ECF No. 1-4 Ex. 2. On August 8, 2019, Petitioner sent a "final notice" to the Agency, requesting that the hearing be rescheduled and his objections addressed. *See* Writs at 50; *see also* ECF No. 1-4 Ex. 3. The second hearing has since been rescheduled for June 18, 2020. *See* Bifurcation Mot. at 2.

Petitioner has filed six "writs":

In the first writ, Petitioner asks the Court to compel the Agency to suspend the second hearing on remand pending this Court's investigation and approval of Agency procedures and actions. *See generally id.* at 79–89.

In the second writ, Petitioner requests that this Court order that ALJ Eric Benham be removed and replaced because of alleged misconduct. *See generally id.* at 89–102.

In the third writ, Petitioner requests that the Court order the Agency to stop discriminating against Petitioner and to grant him certain accommodations, including approving multiple hearings with disability accommodations, providing Petitioner an Electronic Records Express account and online access to his full case files, allowing Petitioner to appear telephonically at the hearing, and providing printed versions of Petitioner's second hearing case file and all other Agency and state records. *See generally id.* at 102–10. Petitioner also requests that the Court order approval of all subpoena requests and witness interrogatory requests, assignment to an adjudication officer. *See id.* at 109–10.

In the fourth writ, Petitioner requests that the Court order the Agency to comply with certain pre-hearing procedures, including assignment to an adjudication officer; determination of the scope of issues, facts, and Petitioner's objections at least sixty days prior to the second hearing; provision of a written assessment of Petitioner's claim affirmation needs; approval of all of Petitioner's subpoena requests and interrogatories; and provision of a new Title II disability review by the original state disability reviewing agency. *See id.* at 110–31.

In the fifth writ, Petitioner asks the Court to compel the ALJ to comply with certain procedures for the second hearing, including reviewing Petitioner's original ambulatory disability under collateral estoppel; reviewing and settling Petitioner's Work Credit Eligibility period or Date Last Insured period for potential adjustments based on 2003 income; reviewing Petitioner's case in full compliance in with Appeals Council's ruling; and adhering to all statutes, regulations, the Hearing, Appeals, and Litigation Law Manual

/ / /

("HALLEX"), the Program Operations Manual System ("POMS"), case law, and canons. *See id.* at 131–50.

Finally, in the sixth writ, Petitioner requests that the Court enter summary judgment as to Petitioner's cardio (as of January 1, 2009), peripheral neuropathy (as of May 1, 2010), and bilateral knee (as of January 1, 2009) disabilities and/or order expedited rulings on all settled issues of fact or law that may be appropriate. *See id.* at 150–243.

On October 7, 2019, Petitioner filed a substantially identical action, *Smith v. Saul*, No. 19-CV-1813 LL (S.D. Cal. filed Oct. 7, 2019) (the "Prior Action"), which was assigned to Magistrate Judge Linda Lopez. Prior Action ECF No. 1.[3] On October 18, 2019, Petitioner voluntarily dismissed the Prior Action, *See* Prior Action ECF No. 8, following Magistrate Judge Lopez's denial of his motion to file the action under seal. *See* Prior Action ECF No. 5.

**III. Analysis**

   *A.    Federal Rule of Civil Procedure 8*

Federal Rule of Civil Procedure 8 requires pleadings to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Violations of this Rule warrant dismissal, but there are multiple ways that it can be violated." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). "One well-known type of violation is when a pleading says *too little*—the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases." *Id.* (emphasis in original) (citing *Iqbal*, 556 U.S. at 678). "The Rule is also violated, though, when a pleading says *too much*." *Id.* (emphasis in original) (citing *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011); *McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996)).

---

[3] The Court can *sua sponte* take judicial notice of the docket of the Prior Action. *See, e.g.*, *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (holding that courts may take judicial notice of dockets in related cases because materials from proceedings in other tribunals are appropriate for judicial notice).

"While 'the proper length and level of clarity for a pleading cannot be defined with any great precision,' Rule 8(a) has 'been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.'" *Cafasso*, 637 F.3d at 1059 (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1217 (3d ed. 2010)). Consequently, the Ninth Circuit has affirmed dismissals under Rule 8 where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling." *See id.* at 1058–59 (collecting cases).

Rule 8(a) applies equally to writs for mandamus. *See, e.g.*, *Banks v. Song*, No. 17-CV-1460 JLS (WVG), 2017 WL 4810097, at *4 (S.D. Cal. Oct. 25, 2017). Here, Petitioner's six writs stretch over 244 verbose and highly repetitious pages. *See generally* Writs. Including exhibits, Petitioner's Writs span over 1150 pages. *See generally* ECF No. 1. This greatly exceeds the length of the complaint in *Cafasso*, which was an unwieldly 733-page pleading. *See* 637 F.3d at 1059. "[D]istrict courts are busy enough without having to penetrate a tome approaching the magnitude of *War and Peace* to discern a plaintiff's claims and allegations." *See Cafasso*, 637 F.3d at 1059 (emphasis in original). Dismissal of the Writs is therefore warranted under Rule 8(a). *See, e.g.*, *Cafasso*, 637 F.3d at 1058–59.

### B.   Subject-Matter Jurisdiction

"Federal district courts are courts of limited jurisdiction that 'may not grant relief absent a constitutional or valid statutory grant of jurisdiction' and are 'presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.'" *Cooper v. Tokyo Elec. Power Co.*, 990 F. Supp. 2d 1035, 1038 (S.D. Cal. 2013) (quoting *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003)). Petitioner alleges that this Court has federal question jurisdiction, as well as jurisdiction under the Mandamus and Venue Act of 1961, 28 U.S.C. § 1361; the Administrative Procedures Act ("APA"), 5 U.S.C. § 702; and the All Writs Act, 28 U.S.C. § 1651(a). *See* Writs at 17–18, 19–21. The Court analyzes each alleged basis for its jurisdiction in turn.

### *1. Federal Question Jurisdiction*

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Pursuant to the Social Security Act ("SSA"), however, "[n]o action against . . . the Commissioner of Social Security . . . shall be brought under section 1331 . . . of title 28 to recover on any claim arising under [Title 42, Chapter 7,] subchapter [II]." 42 U.S.C. § 405(h). "The Supreme Court has read Section 405(h) broadly to encompass any claim for which the SSA provides both the 'standing and substantive basis.'" *Taylor v. Astrue*, No. C-07-05549 EDL, 2008 WL 3823718, at *1 (N.D. Cal. Aug. 13, 2008) (quoting *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)) (citing *Hecker v. Ringer*, 466 U.S. 602, 614–18 (1984)); *accord Stevenson v. Astrue*, No. C 06-05422 JSW, 2007 WL 9711964, at *3 (N.D. Cal. May 1, 2007) ("The Supreme Court has interpreted the term 'arising under,' as used in Section 405(h), to require that 'virtually all legal attacks' be channeled through the administrative process.") (citing *Shalala v. Ill. Council on Long Term Care*, 529 U.S. 1, 13 (2000); *Heckler*, 466 U.S. 602; *Weinberger*, 422 U.S. 749).

"The Ninth Circuit, following *Weinberger* and its progeny, has articulated two tests 'to determine whether claims arise under' the Social Security Act." *Stevenson*, 2007 WL 9711964, at *4 (quoting *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1112 (9th Cir. 2003)). "The first test examines whether the claims are inextricably intertwined with a [Social Security] benefits determination." *Id.* (quoting *Kaiser*, 347 F.3d at 1112) (internal quotation marks omitted) (alteration in original). "If so, they arise under the Social Security Act." *Id.* (citing *Kaiser*, 347 F.3d at 1112). "The second test examines whether the claims are such that both the standing and the substantive basis for the presentation of the claims is the Social Security Act." *Id.* (internal quotation marks omitted) (citing *Kaiser*, 347 F.3d at 1112). "Again, if the answer to that question is yes, the claims 'arise under' the act." *Id.* (citing *Kaiser*, 347 F.3d at 1112).

"Although P[etitioner]'s claim of a procedural due process violation arguably 'arises under' the Constitution, [*see, e.g.*, Writs at 26 n.38,] . . . the crux of [Petitioner's Writs] is

with irregularities in the processing of h[is] individual claim for benefits and . . . []he seeks to remedy that allegedly flawed process as it applied to h[im]." *See id.* "Thus, the Court concludes that the allegations in the [Writs] are inextricably intertwined with the determination of [Petitioner's] claim for benefits, and further concludes that the Social Security Act provides the standing and substantive basis for presenting the claims to this Court." *See id.*; *see also Korb v. Colvin*, No. 4:12-CV-03847-JST, 2014 WL 2514616, at *6 (N.D. Cal. June 4, 2014) ("[T]he Court concludes that [the plaintiff]'s first (violation of the APA), second (wrongful seizure of property), and fourth (declaratory and injunctive relief) claims all 'arise under' the Social Security Act because they are 'inextricably intertwined' with a Social Security benefits determination."); *Taylor*, 2008 WL 3823718, at *2 ("[T]he Appeals Council's remand provides [the plaintiff] additional process, unlike cases that required reopening to address similar issues.  Therefore, Plaintiff's allegation of the undue delay of adjudicating his case does not raise a colorable constitutional claim that supports federal question jurisdiction.").  Accordingly, "the exhaustion requirements of Section 405(g) apply." *See Stevenson*, 2007 WL 9711964, at *4; *accord Korb*, 2014 WL 2514616, at *6 ("[The plaintiff] was required to exhaust those claims administratively before filing a federal action.") (citing *Johnson v. Shalala*, 2 F.3d 918, 920 (9th Cir. 1993)).

Pursuant to 42 U.S.C. § 405(g), "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."  Section 405(g) "provides federal courts with jurisdiction to review decisions of the [Commissioner] which are 'final.'" *Hironymous v. Bowen*, 800 F.2d 888, 894 (9th Cir. 1986).  "The finality condition has been held to include a nonwaivable requirement of presentation of the claim and a waivable requirement of exhaustion of administrative remedies." *Id.* (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)).

/ / /

Petitioner disclaims jurisdiction under Section 405(g), *see* Writs at 10–11, and therefore does not attempt to show either exhaustion or that his compliance with that requirement be excused. *See generally* Writs. "In light of the . . . remand [of Petitioner's case to the ALJ], P[etitioner] has not exhausted h[is] administrative recourse." *See Coleman v. Barnhart*, No. C 03-0089 SI, 2003 WL 22722816, at *3 (N.D. Cal. Nov. 12, 2003). Accordingly, the Court lacks jurisdiction over the Writs under Section 405(g). *See, e.g.*, *Hironymous*, 800 F.2d at 894.

2.  *Mandamus*

Pursuant to 28 U.S.C. section 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "[M]andamus [is] appropriate only when a party demonstrate[s] that the [Commissioner] 'owe[d] him a clear nondiscretionary duty.'" *Briggs v. Sullivan*, 886 F.2d 1132, 1142 (9th Cir. 1989) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)) (fifth alteration in original). As Petitioner acknowledges, *see, e.g.*, Writs at 25, "[m]andamus is an 'extraordinary remedy,'" *Patel v. Reno,* 134 F.3d 929, 931 (9th Cir.1998), that "is available only when '(1) the plaintiff's claim is clear and certain; (2) the duty is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available.'" *Lowry v. Barnhart*, 329 F.3d 1019, 1021 (9th Cir. 2003) (quoting *Or. Natural Res. Council v. Harrell*, 52 F.3d 1499, 1508 (9th Cir. 1995)).

Petitioner has failed to establish his entitlement to mandamus. Not only is Petitioner's claim not clear or certain, *see supra* Section III.A, but it is not clear that any of the six writs seek to compel action pursuant to a clear, nondiscretionary duty owed to Petitioner. Writs one, three, four, and five all request that the Court order the ALJ to comply with certain procedural requirements, none of which are clearly nondiscretionary. *See generally* Writs at 79–89, 102–50. For example, it does not appear that Petitioner is entitled to review by an adjudication officer pursuant to 20 C.F.R. § 416.1443, which provision implements a "test" procedure to be instituted in certain sites, with participants

to be "assigned randomly." *See* 20 C.F.R. § 416.1443(a)(2). And while Petitioner is entitled to a photocopy of his case file, *see* HALLEX I-2-1-35(B)(2), the Ninth Circuit has concluded that HALLEX does not "impose[] judicially enforceable duties." *See Lowry*, 329 F.3d at 1023 (citing *Moore v. Apfel*, 216 F.3d 864, 868–69 (9th Cir. 2000)). And Petitioner's request that the Court order the ALJ to rule on his objections prior to the hearing is not merited under the regulations, pursuant to which the ALJ has discretion to make a decision on any objections "either *at the hearing* or in writing before the hearing." *See* 20 C.F.R. § 404.939 (emphasis added).

The second writ requests that the Court remove the ALJ because of alleged bias. *See generally* Writs at 89–102. There are regulations imposing a duty of impartiality, *see Lowry*, 329 F.3d at 1023 (citing 20 C.F.R. §§ 404.940, 416.1440),[4] but there exist other adequate remedies pursuant to those regulations. Sections 404.940 and 416.1440, for example, provide:

> An administrative law judge shall not conduct a hearing if he or she is prejudiced or partial with respect to any party or has any interest in the matter pending for decision. If you object to the administrative law judge who will conduct the hearing, you must notify the administrative law judge at your earliest opportunity. The administrative law judge shall consider your objections and shall decide whether to proceed with the hearing or withdraw. . . . If the administrative law judge does not withdraw, you may, after the hearing, present your objections to the Appeals Council as reasons why the hearing decision should be revised or a new hearing held before another administrative law judge.

///

///

///

///

---

[4] To the extent Petitioner seeks to disqualify the ALJ pursuant to 28 U.S.C. § 144, *see, e.g.*, Writs at 94, that provision, by its plain language, applies only to *district court* judges, not administrative law judges. *See* 28 U.S.C. § 144.

20 C.F.R. §§ 404.940, 416.1440. Petitioner already has objected to the ALJ, *see, e.g.*, Writs at 94; should the ALJ decide not to withdraw, Petitioner's recourse is to object to the Appeals Council, not this Court.[5] *See* 20 C.F.R. § 404.940.

Finally, writ six requests that the Court supplant its judgment for that of the ALJ by entering summary judgment as to certain of Petitioner's claims for disability. This is not a proper use of mandamus. *See, e.g.*, *Am. Fid. Fire Ins. Co. v. U.S. Dist. Ct. for N. Dist. of Cal.*, 538 F.2d 1371, 1374 (9th Cir. 1976) ("[M]andamus . . . may not appropriately be used merely as a substitute for the appeal procedure.") (quoting *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943)); *see also, e.g.*, *Wood v. Comm'r of Soc. Sec.*, No. 6:15-CV-1487-ORL-DNF, 2017 WL 11113418, at *3 (M.D. Fla. Mar. 31, 2017) (dismissing with prejudice writ for mandamus because "[t]he remedy of mandamus is not 'a substitute for an appeal'" and the "[p]laintiff is free to argue under Section 405(g) that she was wrongly denied a particular kind of hearing that the case should be remanded for a new hearing, certain evidence should have been requested and/or considered by the agency, and the case should be assigned to another ALJ") (quoting *Plekowski v. Ralston-Purina Co.*, 557 F.2d 1218, 1220 (5th Cir. 1977)); *Manigault v. Colvin*, No. 1:11-CV-0793-MHS-JFK, 2013 WL 12157943, at *2 (N.D. Ga. Dec. 13, 2013) ("Mandamus may not 'be used as a substitute for appeal, or to control the decision of the trial court in discretionary matters.'") (quoting *Johnson v. Wilbur*, 375 Fed. App'x 960, 965 (11th Cir. 2010)), *report and recommendation adopted*, 2014 WL 12621204 (N.D. Ga. Feb. 18, 2014), *aff'd*, 609 F. App'x 982 (11th Cir. 2015). Indeed, allowing mandamus here "would frustrate the purpose of 42 U.S.C. § 405(g) and (h), by which Congress provided the sole method of review of Social Security claims." *See Green v. Heckler*, 742 F.2d 237, 241 (5th Cir. 1984) (citing *Ass'n of Am. Med. Colls. v. Califano*, 569 F.2d 101, 111 (D.C.Cir. 1977)).

/ / /

---

[5] Indeed, Petitioner previously has followed this procedure, and the Appeals Council determined following the first hearing that the ALJ had not abused his discretion by not withdrawing from Petitioner's case. *See* Ex. 24 at 4.

As in *Lowry*, the Court is "not unsympathetic to [Petitioner]'s predicament." *See* 329 F.3d at 1022. "Unfortunately for [Petitioner, however], not every agency shortcoming is subject to correction in the courts." *See id.* For the foregoing reasons, the Court therefore concludes that it lacks mandamus jurisdiction over the Writs.

### 3. Administrative Procedure Act

Under the Administrative Procedure Act ("APA"), "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The Supreme Court, however, has held that "the APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action." *See Califano v. Sanders*, 430 U.S. 99, 107 (1977). Accordingly, the APA alone does not suffice to confer subject-matter jurisdiction over the Writs. *See, e.g.*, *Kim Phuong Nguyen v. Astrue*, No. 10CV1927-IEG JMA, 2011 WL 2470518, at *4 (S.D. Cal. June 21, 2011) ("[T]he Administrative Procedures Act is not an independent basis of subject matter jurisdiction.") (citing *Visiting Nurse Servs., Inc. v. Shalala*, 525 U.S. 449, 457–58 (1999)).

### 4. All Writs Act

Pursuant to the All Writs Act, "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Similarly to the APA, the All Writs "Act does not enlarge th[e Court's] jurisdiction." *Clinton v. Goldsmith*, 526 U.S. 529, 535, 119 S. Ct. 1538, 1542, 143 L. Ed. 2d 720 (1999) (citing *Penn. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 41 (1985); 16 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3932, p. 470 (2d ed. 1996); 19 J. Moore & G. Pratt, Moore's Federal Practice § 204.02[4] (3d ed. 1998)). Accordingly, the All Writs Act alone also fails to confer subject-matter jurisdiction over the Writs.

///
///
///

**REMAINING MOTIONS**

In light of the dismissal of Petitioner's Writs, *see supra* at pages 5–18, the Court **DENIES WITHOUT PREJUDICE AS MOOT** Petitioner's Counsel, Fee, and Bifurcation Motions. In any event, Petitioner's Counsel and Fee Motions are premature.

**CONCLUSION**

In light of the foregoing, the Court **GRANTS** Petitioner's IFP and Page Count Motions (ECF Nos. 2 and 5, respectively); **DENIES WITHOUT PREJUDICE** Petitioner's CM/ECF Motion (ECF No. 4); **DISMISSES WITHOUT PREJUDICE** Petitioner's Writs (ECF No. 1) for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2); and **DENIES WITHOUT PREJUDICE AS MOOT** Petitioner's Counsel, Fee, and Bifurcation Motions (ECF Nos. 3, 6, and 10, respectively).

Petitioner **MAY FILE** amended writs that cure the deficiencies noted above within thirty (30) days of the electronic docketing of this Order. Any amended filing must be complete in itself without reference to Petitioner's original Writs. Any claim not re-alleged in Petitioner's amended writs will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."). Should Petitioner fail to file his amended writs within thirty (30) days, the Court will enter a final Order dismissing this civil action based both on Petitioner's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix

/ / /
/ / /
/ / /
/ / /

his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated:  June 14, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge