1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JOHNSON,<br><br>                              Petitioner,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner,<br>Social Security Administration,<br><br>                              Respondent. | Case No.:  20-CV-747 JLS (AHG)<br><br>**ORDER DENYING PETITIONER'S EX PARTE EMERGENCY MOTION TO SET ASIDE JUDGEMENT OF JANUARY 25TH, 2021**<br><br>(ECF No. 33) |

Presently before the Court is Petitioner James Johnson's Ex Parte Emergency Motion to Set Aside Judgement of January 25th, 2021 ("Mot.," ECF No. 33), which the Court construes as a motion for reconsideration of its January 25, 2021 Order (the "Order," ECF No. 31).  Having carefully considered Petitioner's arguments and the law, the Court **DENIES** the Motion.

### BACKGROUND

Petitioner initiated this action on April 20, 2020.  *See* ECF No. 1.  On June 15, 2020, the Court granted Petitioner's motion to proceed *in forma pauperis* ("IFP") but dismissed without prejudice Petitioner's writs for failure to state a claim.  *See generally* ECF No. 11. After seeking and obtaining an extension of time, *see* ECF Nos. 16 and 17, Petitioner filed his Amended Writs on August 18, 2020, *see* ECF No. 19.  On January 25, 2021, the Court

issued the Order, which screened Petitioner's Amended Writs and determined that dismissal of the Amended Writs was warranted both for failure to comply with Federal Rule of Civil Procedure 8(a) and for lack of subject matter jurisdiction. *See* Order at 10–24. Petitioner filed the present Motion, seeking reconsideration of the Order, on February 19, 2021. *See* ECF No. 33.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." Civ. L.R. 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.*

"A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)) (emphasis in original). "Clear error or manifest injustice occurs when 'the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Young v. Wolfe,* CV 07-03190 RSWL-AJWx, 2017 WL 2798497, at *5 (C.D. Cal. June 27, 2017) (quoting *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013)).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883). A party may not raise new arguments or present new evidence if it could have reasonably raised them

earlier.  *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

## ANALYSIS

Petitioner's Motion requests that the Court "set aside" the Order and "fully reconsider the issues, laws, facts and evidence and special circumstances in the case toward issuing a new ruling based on the merits."  Mot. at 1–2.  Petitioner claims that the Court "made oversights, factual errors and mischaracterizations as well as legal errors that ought to be reconsidered."  *Id.* at 2.

As an initial matter, Petitioner's Motion fails to comply with the procedural requirements of Civil Local Rule 7.1(i); however, the Court can and will exercise its inherent authority nonetheless to consider the Motion on its merits.  *In re Palomar Crash of Jan. 24, 2006*, No. 06-CV-02711-DMS-POR, 2009 WL 10671588, at *1 (S.D. Cal. Jan. 21, 2009) (exercising inherent authority to consider motion for reconsideration that indisputably failed to comply with Civil Local Rule 7.1(i)'s procedural requirements).  Even so, the Court finds, on the merits, that Petitioner has failed to clear the high bar for reconsideration.  Petitioner's Motion does not identify any newly discovered evidence or intervening changes in controlling law, so it appears Petitioner relies solely on the "clear error" ground for reconsideration.  *See generally* Mot.

Regarding the Court's determination that dismissal of the Amended Writs was warranted due to Petitioner's failure to comply with Rule 8(a), Petitioner claims that "[t]he [C]ourt ignored the fact the Amended Writs page count was nearly in compliance with all Rules (and that a waiver was also granted)."  Mot. at 12.  He further claims that his voluminous exhibits should not be counted for purposes of the number of pages comprising his filing, that he has "no control over how many pages are included in a single piece of evidence," and that he "direct[ed] the court to ignore all superfluous exhibits on the system and focus solely on the few cited exhibits."  *Id.* at 12–13 (emphasis omitted).

/ / /

/ / /

Contrary to Petitioner's assertions, however, the Court did not grant Petitioner a blanket waiver to file as many pages as he wishes.  Rather, the Order indicated that

> the Court will not reject Petitioner's Amended Writs outright solely for exceeding any applicable page count limits.  However, to the extent Petitioner's Third Rule Waiver Motion essentially seeks a waiver of his responsibility to comply with Federal Rule of Civil Procedure 8(a)'s "short and plain statement of the claim" requirement, the Court **DENIES** the Third Rule Waiver Motion, for the reasons provided *infra* at 10–12.  The Court reiterates its entreaty for Petitioner "to be mindful of the Court's finite resources." ECF No. 11 at 3.  Sometimes less is more.

Order at 3 (citing ECF No. 11 at 3) (emphasis in original).  As the Order noted, Rule 8(a) is not limited to the issue of how many pages a pleading spans.  *See* Order at 11 (citations omitted).  The Order concluded, and Plaintiff does not dispute in his Motion, that not only were the Amended Writs overly long, they were also "repetitious[] and confusing." *Id.* The Court cited several cases dismissing pleadings where, like Petitioner's, the facts were scattered throughout a lengthy pleading rather than organized into a "short and plain statement of the claim." *Id.* at 11–12 (citations omitted).

The Court stands by its determination that the Amended Writs fail to comply with Rule 8(a), not only because of their excessive length, but because they are confusing, repetitious, and rambling.  *See United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011) (collecting cases).  The Court will once again reiterate that it has finite resources coupled with a significant caseload.  It is thus incumbent upon Petitioner to present cognizable claims; it is not the province of the Court to sift through unwieldy filings and make Petitioner's case for him.  Thus, the Court finds that its dismissal of the Amended Writs for failure to comply with Rule 8(a) was not clearly erroneous and **DENIES** the Motion on this ground.

Given that the Order's Rule 8(a) ruling was itself an independent and sufficient reason to dismiss the Amended Writs, the Court need not address Petitioner's numerous, / / /

and often rather discourteous or antagonistic, objections to the Court's jurisdictional ruling.[1]  *See, e.g.*, *Krause v. Yavapai Cty.*, No. CV1908054PCTMTLESW, 2020 WL 2512761, at *8 (D. Ariz. May 15, 2020).  Nonetheless, the Court will caution Petitioner that, as a pro se litigant, he is bound by the Code of Conduct contained in the Local Rules.  *See* S.D. Cal. CivLR 2.1, *available at* https://www.casd.uscourts.gov/_assets/pdf/rules/ 2021.03.24%20Local%20Rules.pdf (last visited Apr. 2, 2021).  Accordingly, Petitioner is reminded that he is expected "to be courteous and respectful to the court and all court and court-related personnel" and "to honor and maintain the integrity of our justice system, including by not impugning the integrity of its proceedings, or its members." *Id.* at 2.1(2)(a), (h).  Further, although Petitioner threatens multiple times to appeal the Order, the Court notes for Petitioner's benefit that a dismissal pursuant to the screening provision of 28 U.S.C. § 1915(e) granting leave to amend is not a final, appealable judgment.  *See Love v. Hensley*, 292 F. App'x 628, 629 (9th Cir. 2008) (citing *WMX Technologies, Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)).

## CONCLUSION

In light of the foregoing, the Court **DENIES** Petitioner's Motion (ECF No. 33).

Once again, the Court will grant Petitioner one final opportunity to amend his claims to state "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and adequately to allege a basis for subject matter jurisdiction.  Petitioner **MAY FILE** amended writs that cure the deficiencies noted in the Order within sixty (60) days of the electronic docketing of this Order.  Any amended filing must be complete in itself without reference to Petitioner's original or amended Writs. (Although the Court will again permit Petitioner to incorporate previously filed exhibits by

---

[1] As just one example, Petitioner's Motion states: "Does the court truly want Petitioner to submit the current 'as is' ruling papers for In Banc Appellate Review or Writ of Certiorari to SCOTUS?  Even though all rulings have been against Petitioner, he's not going to drop whatever professionalism he still has.  Petitioner perceives legal flaws and all judges deserve a right to correct errors before being judged themselves.  [*Petitioner grew up watching 'Judge Hardy and Son' and has always admired and respected most judges as a result—no apologies!*]."  Mot. at 4 n.8.

reference, the Court once more urges Petitioner to pare down his requests to make them more intelligible and less repetitive.)  Any claim not re-alleged in Petitioner's amended writs will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *see also Lacey v. Maricopa Cty*., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

Should Petitioner fail to file his amended writs within <u>sixty (60) days</u>, the Court will enter a final order dismissing this civil action based both on Petitioner's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and his failure to prosecute in compliance with a court order requiring amendment.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated:  April 6, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

6