UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JAMES JOHNSON,

Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner,
Social Security Administration,

Defendant.

Case No.:  20-cv-747 JLS (AHG)

**ORDER: (1) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S LOCAL RULE WAIVER MOTIONS; (2) DENYING PLAINTIFF'S MOTION FOR JUDICIAL NOTICE; (3) DENYING PLAINTIFF'S MOTION FOR TIME EXTENSION; (4) DISMISSING PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND; AND (5) DENYING AS MOOT REMAINING MOTIONS**

(ECF Nos. 36, 38, 40, 44, 46, 48, 50, 52, 53, 55, 56, 57, 59)

Presently before the Court are Plaintiff James Johnson's Complaint Seeking Declaratory Judgment ("Compl." ECF No. 36); Ex Parte Motion for Local Rule Waiver re Exhibit Substitution and Labeling ("1st Rule Waiver Mot.," ECF No. 38), Ex Parte Motion for Local Rule Waiver of Page Counts ("2d Rule Waiver Mot.," ECF No. 40), and Ex Parte Motion for Local Rule Waiver re Amendment Redlining ("3d Rule Waiver Mot.," ECF No. 44) (collectively, the "Local Rule Waiver Motions"); Ex Parte Motion for Judicial

Notice ("RJN," ECF No. 46); Ex Parte Motion for Time Extension ("Time Ext. Mot.," ECF No. 48); Ex Parte Motion for Appointment of Counsel ("Counsel Mot.," ECF No. 50); Declaration of Facts ("Decl.," ECF No. 42); Motion for Summary Judgment ("MSJ," ECF No. 52); Ex Parte Motion for Waiver of Proof of Service (ECF No. 55), Ex Parte Motion for Substitution of Party (ECF No. 56), and Ex Parte Motion for Service of Summons (ECF No. 57) (collectively, the "Miscellaneous Ex Parte Motions"); and Ex Parte Counter-Motion to Dismiss (ECF No. 59).  Also before the Court is Defendant Kilolo Kijakazi's Motion to Strike ("MTS," ECF No. 53).  Having carefully considered Plaintiff's Motions and Complaint, Plaintiff's legal arguments, and the applicable law, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Local Rule Waiver Motions; **DENIES** Plaintiff's Motion for Judicial Notice; **DENIES** Plaintiff's Motion for Time Extension; **DISMISSES** Plaintiff's Complaint **WITHOUT LEAVE TO AMEND**; and **DENIES AS MOOT** Plaintiff's Counsel Motion, Plaintiff's Motion for Summary Judgment, Plaintiff's Miscellaneous Ex Parte Motions, Plaintiff's Ex Parte Counter-Motion to Dismiss, and Defendant's Motion to Strike.

## PROCEDURAL BACKGROUND

Plaintiff initiated this action on April 20, 2020.  *See* ECF No. 1.  On June 15, 2020, the Court granted Plaintiff's motion to proceed *in forma pauperis* but dismissed without prejudice Plaintiff's Writs of Mandamus for failure to state a claim.  *See generally* ECF No. 11.  On June 18, 2020, Plaintiff filed a motion seeking to proceed under a pseudonym and requesting permission to file certain documents under seal.  *See* ECF No. 12.  The Court granted in part and denied in part Plaintiff's motion.  *See* ECF No. 13.

After seeking and obtaining an extension of time, *see* ECF Nos. 16 and 17, Plaintiff filed his Amended Writs on August 18, 2020.  *See* ECF No. 19.  On January 25, 2021, the Court dismissed the Amended Writs as frivolous due to lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2) and for failure to comply with Federal Rule of Civil Procedure 8.  *See* ECF No. 31.  The Court granted Plaintiff "one final opportunity to amend his claims to state 'a short and plain statement of the claim showing that [he] is entitled to

relief". . . and adequately allege a basis for subject matter jurisdiction." *See id.* at 25 (quoting Fed. R. Civ. P. 8(a)(2)).

Plaintiff subsequently filed a Motion to Set Aside Judgment, *see* ECF No. 33, which the Court construed as a motion for reconsideration of the January 25, 2021 Order and denied. *See* ECF 34. The instant Complaint and Motions were filed nunc pro tunc on June 7, 2021. *See* ECF Nos. 36, 38, 40, 44, 46, 48, 50, 52. On July 14, 2021, Defendant filed her Motion to Strike Plaintiff's Motion for Summary Judgment. *See* ECF No. 53. Given that Plaintiff is proceeding under a pseudonym, the Court ordered the Clerk's Office to serve Plaintiff with the Motion to Strike and set a briefing schedule for the same. *See* ECF No. 54.

### LOCAL RULE WAIVER MOTIONS

"Although [courts] construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (citing *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987)). As with Plaintiff's previous Motions, the Court is unable and unwilling to provide a blanket waiver to the Federal Rules of Civil Procedure and this District's Local Rules.

Plaintiff moves ex parte for three "Local Rule waivers": (1) an order directing the clerk to "re-install" Plaintiff's original exhibits to his second amended writs and "waiv[ing] strictness with Fed. R. Civ. P. 8," *see generally* 1st Rule Waiver Mot.; (2) an order waiving the page count requirement for his "complaints, second amended writs, motions, and exhibits," *see generally* 2d Rule Waiver Mot.; and (3) an order excusing Plaintiff from submitting a redline of his Complaint against his Amended Writs, *see generally* 3d Rule Waiver Mot.

As far as Plaintiff's First Rule Waiver Motion is concerned, the Court will not and cannot "waive strictness with [Rule 8(a)]." 1st Rule Waiver Mot at 2; *see Joseph v. City of San Jose*, No. 19-CV-01294-LHK, 2019 WL 3997482, at *3 (N.D. Cal. Aug. 23, 2019) ("The text of [Rule 8(a)] is framed in *mandatory* terms." (emphasis added)). The Court therefore **DENIES** Plaintiff's First Rule Waiver Motion to the extent it seeks a waiver of

Rule 8(a)'s "short and plain statement of the claim" requirement.  Additionally, Plaintiff has not filed second amended writs, so it is unclear where or how Plaintiff requests the Court to "re-install" his original exhibits.  To the extent Plaintiff asks the Court to consider any exhibits he has already filed in connection with his Complaint, the Court will consider those exhibits incorporated by reference therein and **GRANTS** the Motion.

Regarding the Second Rule Waiver Motion, the Court once again will not reject Plaintiff's filings outright solely for exceeding any applicable page count limits.  However, as the Court has made clear to Plaintiff, "pro se litigants are bound by the rules of procedure." *See Ghazali*, 46 F.3d at 54.  Therefore, to the extent Plaintiff's Second Rule Waiver Motion seeks a waiver of his responsibility to comply with Federal Rule of Civil Procedure 8(a)'s "short and plain statement of the claim" requirement, the Court **DENIES** the Second Rule Waiver Motion for the reasons stated above.

Finally, the Court **GRANTS** Plaintiff's Third Rule Waiver Motion for good cause.  As with Plaintiff's Writs and Amended Writs, the Court will not reject Plaintiff's Complaint for failure to include redlines.

## MOTION FOR JUDICIAL NOTICE

Plaintiff asks the Court to "take Judicial Notice of subject [matter] jurisdiction." RJN at 2.  "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  This generally means a court can take judicial notice of, among other things, undisputed matters of public record, *see Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001), or documents incorporated by reference into the complaint, *see Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

/ / /

/ / /

/ / /

/ / /

As a threshold matter, the Court notes that Plaintiff is required to include "a short and plain statement of the grounds for the court's jurisdiction" in his pleadings. Fed. R. Civ. P. 8(a)(1).[1] Plaintiff, however, essentially asks the Court to find subject matter jurisdiction for him. While the Court is mindful of the difficulty Plaintiff has experienced in preparing his pleadings, "even a pro se plaintiff must, in order to avoid dismissal, make allegations that vest the court with subject matter jurisdiction." *Bannister v. United States*, No. CV 09-00172 MMM (JWJx), 2009 WL 10673052, at *1 (C.D. Cal. Mar. 6, 2009) (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)). Plaintiff has not done so.

Even assuming, for the sake of argument, that the Court could "take Judicial Notice of subject [matter] jurisdiction," *see* RJN at 2, nothing of which the Court may take judicial notice would help Plaintiff establish jurisdiction. While a court "may take judicial notice of records and reports of administrative bodies," *see Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) (citations and internal quotation marks omitted), nothing in the voluminous exhibits Plaintiff has provided has any bearing on subject matter jurisdiction. Likewise, no other documents, records, or facts that the Court could judicially notice would aid Plaintiff in establishing subject matter jurisdiction. Anything of which the Court could conceivably take judicial notice simply would be irrelevant to Plaintiff's request. *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006) (declining to take judicial notice of irrelevant documents).

As a final matter, to the extent Plaintiff's Motion asks for an opportunity to provide additional evidence to show that jurisdiction is proper before the Court makes any rulings,

---

[1] Plaintiff also contends that his case "ought not to be tossed out at this late stage because of such a technical deficiency [i.e., subject matter jurisdiction]." RJN at 2. But subject matter jurisdiction is more than a "technical" requirement—because federal courts are courts of limited jurisdiction, "a court lacking jurisdiction is powerless to reach the merits under Article III of the Constitution." *Fleck & Assocs., Inc. v. Phoenix, City of, an Az. Mun. Corp.*, 471 F.3d 1100, 1106 n.4 (9th Cir. 2006) (citing *Adarand Constructors, Inc. v. Mineta*, 534 U.S. 103, 110 (2001)). Nor may the Court waive subject matter jurisdiction for Plaintiff. On the contrary, "the [C]ourt is under a continuing duty to dismiss an action whenever it appears the [C]ourt lacks jurisdiction." *Augustine v. U.S.*, 704 F.2d 1074, 1077 (9th Cir. 1983) (citations omitted). In short, contrary to Plaintiff's argument, the Court *must* dismiss this action if it lacks subject matter jurisdiction.

the Court declines this request.  Plaintiff is the one who bears the burden of establishing subject matter jurisdiction.  *See Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 778–79 (9th Cir. 2000).  "To meet this burden, the pleading party must show 'affirmatively and distinctly the existence of whatever is essential to federal jurisdiction.'"  *Nation v. Trump*, 395 F. Supp. 3d 1271, 1274 (N.D. Cal. 2019) (quoting *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001)).  This is Plaintiff's third pleading.  The Court has already explained twice, at length, the jurisdictional defects in Plaintiff's claims as stated, and in its January 25, 2021 Order, the Court was clear that it was granting Plaintiff "one final opportunity to amend his claims to . . . adequately allege a basis for subject matter jurisdiction."  ECF No. 31 at 25.  The Court therefore declines to allow Plaintiff the opportunity to submit additional evidence before it makes any ruling.

Based on the foregoing, the Court **DENIES** Plaintiff's Ex Parte Motion for Judicial Notice.

## MOTION FOR TIME EXTENSION

Plaintiff asks the Court "for an order to extend time 45-days to file the second amended writs and other things, namely a new and properly constructed summary [judgment]."  Time Ext. Mot. at 1.  However, in the Court's January 25, 2021 Order, it made clear to Plaintiff that he must file any amended writs within forty-five days of electronic docketing of the order.  *See* ECF No. 31.  Plaintiff instead filed what the Court construed as a motion for reconsideration, and, upon denying the motion, the Court granted Plaintiff an additional sixty days in which to file amended writs.  *See* ECF No. 34.  All told, Plaintiff had more than four months from the issuance of the January 25, 2021 Order to get his filings in order.  Again, while the Court appreciates the hardships Plaintiff is experiencing, even pro se litigants must comply with court orders.  *See, e.g.*, *Sanchez v. One W. Bank*, No. EDCV 10-00749-SJO (JEMx), 2011 WL 13224623, at *5 (C.D. Cal. Jan. 28, 2011) ("Though a pro se litigant, Plaintiff must comply with Local Rules and Court orders." (citing *Ghazali*, 46 F.3d at 53)).  Therefore, to the extent Plaintiff seeks to file any

/ / /

amended writs beyond the Complaint presently before the Court or amended versions of motions already pending before the Court, the Court **DENIES** the Motion.

Additionally, Plaintiff's Motion appears to request that the Court assign him an attorney. *See* Time Ext. Mot. at 4 ("I ask the court to assign an attorney and to give a time extension."). For the reasons provided *infra*, the Court **DENIES AS MOOT** this part of the Motion.

**SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)**

## I.    Standard of Review

Because Plaintiff is proceeding *in forma pauperis* ("IFP"), his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). *See, e.g.*, *Lorretz v. Jewish Fed'n*, No. 12-CV-1055-BEN NLS, 2012 WL 1850957, at *1 (S.D. Cal. May 18, 2012) (screening amended complaint filed by plaintiff proceeding IFP and pro se and noting screening is "mandatory"); *accord Contreras v. Vazquez*, No. 09CV1267-IEG(CAB), 2009 WL 3248088, at *2 (S.D. Cal. Oct. 7, 2009) (noting, as to amended complaint, that, "as the Court indicated when it dismissed in part Plaintiff's original complaint, the Court is under a continuing duty to dismiss an *in forma pauperis* case 'any time' the Court determines that the action 'fails to state a claim on which relief may be granted'" and engaging in screening) (citing 28 U.S.C. § 1915(e)(2)(B)(ii)).

Under 28 U.S.C. § 1915(e)(2), the Court must *sua sponte* dismiss a complaint, or any portion of it, which is frivolous, malicious, fails to state claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"When a court does not have jurisdiction to hear an action, the claim is considered frivolous." *Johnson v. E. Band Cherokee Nation*, 718 F. Supp. 6, 6 (N.D.N.Y. 1989). Moreover, "[t]he Court has an independent obligation to determine whether it has subject-matter jurisdiction." *Cox v. Lee*, No. CV-20-0275-PHX-DMF, 2020 WL 1904625, at *2

7

(D. Ariz. Apr. 17, 2020) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press.") (citation omitted).   Pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court ***must*** dismiss the action" (emphasis added).   As the plain language of Rule 12(h)(3) suggests, this requirement is mandatory.   *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (noting that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived'"); therefore, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety") (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).   Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.   Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.   "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*   The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Further, "[w]hile factual allegations are accepted as true, legal conclusions are not." *Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *3 (E.D. Cal. June 28, 2012) (citing *Iqbal*, 556 U.S. at 678).   Courts cannot accept legal conclusions set forth

in a complaint if the plaintiff has not supported his contentions with facts. *Id.* (citing *Iqbal*, 556 U.S. at 679). Finally, in deciding whether Plaintiff has stated a plausible claim for relief, the Court also may consider exhibits attached to his filing. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citing *Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc.*, 583 F.2d 426 (9th Cir. 1978) (noting that "material which is properly submitted as part of the complaint may be considered" in ruling on a Rule 12(b)(6) motion to dismiss)). However, "[i]t is not the Court's responsibility to sift through plaintiff's multiple exhibits in an attempt to glean whether plaintiff has an adequate basis upon which to state any other claim for relief." *El-Shaddai v. Zamora*, No. CV 13-2327 RGK(JC), 2019 WL 2026683, at *10 (C.D. Cal. May 8, 2019), *aff'd*, 807 F. App'x 721 (9th Cir. 2020) (citations omitted).

Courts have a duty to construe a *pro se* litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect," unless the court determines that "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

## II.     Plaintiff's Factual Allegations

After the Court dismissed Plaintiff's Writs a second time, *see* ECF No. 31, Plaintiff filed the instant Complaint (stylized as "Complaint Seeking Declaratory Judgment (HALLEX/POMS)") on June 9, 2021. *See generally* Compl. Plaintiff alleges that the Court has diversity jurisdiction, federal question jurisdiction, declaratory judgment

/ / /

/ / /

/ / /

/ / /

jurisdiction under 28 U.S.C. § 2201, and jurisdiction under the Administrative Procedures Act, 5 U.S.C. § 702.  Compl. ¶ 6.[2]

As was the case with Plaintiff's Writs and Amended Writs, Plaintiff's Complaint is somewhat lengthy and confusing.  *See generally* Compl.  Plaintiff also has attached an exhibit entitled "Common Case Facts" that repeats much of what is contained in the Complaint.  *See* ECF No. 36 Ex. 110 ("Facts").  And, while the Court appreciates that Plaintiff has reduced the length of his filings in comparison to his original Writs and Amended Writs, the relevant factual background remains substantially similar.  The Court summarizes as follows:

Plaintiff filed a claim for Supplemental Security Income ("SSI") and Social Security Disability Insurance ("SSDI") on or about May 29, 2012.  Compl. ¶ 1.  Plaintiff's SSI claim was approved, and Plaintiff received "official notification paperwork" on or about November 22, 2013, despite Plaintiff being incorrectly classified as a "dependent adult." *Id.* ¶ 2; Facts ¶ 8.  However, six months of SSI payments were withheld.  Facts ¶ 4. Meanwhile, Plaintiff's SSDI claim continued to be investigated.  Compl. ¶ 3.

Plaintiff learned he needed to have been disabled on or before December 31, 2010 in order to be eligible for SSDI benefits.  *Id.* ¶ 6.  State medical examiners purportedly recorded a medical document from Plaintiff's treating physician verifying that Plaintiff had a qualifying disability not later than July 2011.  *Id.* ¶ 7.  According to Plaintiff, the state examiners possessed a medical report from 2010 that verified his disability; however, Plaintiff alleges that state medical examiners could not locate the necessary paperwork.  *Id.* ¶¶ 10, 11.  Thus, Plaintiff's SSDI claim was denied because the evidence needed to approve his claim was "unobtainable."  *Id.* ¶ 12.  Plaintiff appealed this decision.  *Id.* ¶ 13.

_____

[2] Plaintiff's Complaint contains numbered paragraphs.  *See* Compl.  However, the numbering is repetitive. For example, the section titled "Parties, Jurisdiction, and Venue" contains paragraphs numbered one through seven, yet the next section, "Facts," begins anew at paragraph one.  *See id.*  For clarity's sake, this single citation to the Complaint refers to the section titled "Parties, Jurisdiction, and Venue," but every other citation to the Complaint in the "Plaintiff's Factual Allegations" section of this Order refers to the section of the Complaint entitled "Facts."

Thereafter, state medical examiners purportedly spoke to Plaintiff's treating physician but failed to obtain the records needed to verify Plaintiff's SSDI claim. *Id.* ¶ 14. State medical examiners also allegedly never contacted Plaintiff's second primary treating physician, who issued the medical document verifying Plaintiff's disability not later than July 2011. *Id.* ¶ 15.

As the appeal process commenced, Plaintiff notified the Office of Disability Adjudication and Review ("ODAR") that his treating physician would author a Consultative Exam Report ("CER") to help prove his SSDI claim. *Id.* ¶ 19. The initial hearing was stayed as a result. *Id.* ODAR received the CER in mid-2015, purportedly containing evidence of Plaintiff's disability on or before December 31, 2010. *Id.* ¶ 20. The CER included a request for ODAR to send the new medical evidence contained in the CER back to the state medical examiners. *Id.* However, the Administrative Law Judge ("ALJ") allegedly never reviewed the CER. *Id.* ¶ 23. While Plaintiff's treating physician had been assigned "controlling weight" multiple times by state medical examiners, the ALJ later assigned the treating physician "little weight." *Id.* ¶¶ 24–25. Moreover, the ALJ never sent the new medical evidence and a referral back to state medical examiners so they could conduct a follow-up investigation. *Id.* ¶ 29.

At the hearing, the ALJ asked about Plaintiff's "cardio disability." *Id.* ¶ 32.[3] However, the ALJ purportedly had never contacted Plaintiff's cardiologist to determine the validity of the cardio disability. *Id.* ¶ 34. The ALJ admitted he had not read the CER. *Id.* ¶ 35. Plaintiff experienced extensive physical distress at the hearing and told the ALJ he needed to lay down on the floor. *Id.* ¶ 37 n.34. But this request could not be accommodated. Facts ¶ 21. The ALJ ended the hearing soon thereafter. Compl. ¶ 37 n.34. None of Plaintiff's witnesses testified at the hearing. Facts ¶ 22. Following the hearing, the ALJ issued a written decision denying Plaintiff's SSDI claim. Compl. ¶ 38. According

---

[3] Plaintiff alleges that he amended his SSDI claim to include his "once hidden cardio disability." Compl. ¶ 28.

to Plaintiff, the ALJ acknowledged Plaintiff's cardio disability but did not affirm the disability. *Id.* ¶ 42.

Following the hearing, Plaintiff mailed ODAR "several new pieces of rebuttal evidence." *Id.* ¶ 36. Plaintiff requested transcripts and the recordings from the hearing to prepare an appeal but received no response. Facts ¶ 28. Plaintiff thereafter filed a provisional brief with the Appeals Council. Compl. ¶ 41. Plaintiff filed this brief under protest because he had not received copies of his case file or transcript. Facts ¶ 35. When Plaintiff finally received a copy of the case file, it purportedly lacked evidence Plaintiff had submitted. *Id.* ¶ 37. Finally, Plaintiff filed his "Official Brief," which contained allegations of violations of law by the ALJ. *Id.* ¶ 41. The Appeals Council remanded Plaintiff's case. *Id.* ¶ 42.

Plaintiff thereafter received Case File CDs in or around December 2018. *Id.* ¶ 43. On February 19 and March 25, 2019, Plaintiff reported that he had no computer on which he could access the CDs. *Id.* ¶ 44. Plaintiff stated that he would need to borrow a computer or use a library computer, and requested an Electronic Records Express ("ERE") account from the Social Security Administration ("SSA") so he could access his file. *Id.* ¶ 45. Plaintiff received no response. *Id.* ¶ 46.

Plaintiff requested that the next hearing be telephonic because of the physical distress he experienced at the first hearing. Compl. ¶ 44. The Office of Hearings Operations ("OHO") complied, sending Plaintiff a notice of telephonic hearing. *Id.* ¶ 48. However, Plaintiff objected to this hearing as premature. *Id.* ¶ 49. Nevertheless, an "on the record call" was conducted in June 2020. *Id.* ¶ 50. During the call, Plaintiff complained about ODAR not putting evidence into his case file and noted his objection to the hearing, since he had not yet received electronic access to his case file. *Id.* ¶¶ 51–52.

On October 7, 2019, Plaintiff filed a substantially identical action, *Smith v. Saul*, No. 19-CV-1813 LL (S.D. Cal. filed Oct. 7, 2019) (the "Prior Action"), which was assigned to

/ / /

/ / /

Magistrate Judge Linda Lopez.  *See* Prior Action ECF No. 1.[4]  On October 18, 2019, Plaintiff voluntarily dismissed the Prior Action, *see* Prior Action ECF No. 8, following Magistrate Judge Lopez's denial of his motion to file the action under seal, *see* Prior Action ECF No. 5.

Later in 2020, OHO purportedly sent Plaintiff another telephonic hearing notice. Compl. ¶ 53.  The notice did not arrive until after the hearing date had expired or was about to.  *Id.*  During the second telephonic hearing, Plaintiff once again complained about ODAR not updating his case file.  *Id.* ¶ 55.  The ALJ agreed to a pair of two-hour in-person hearings so that all pre-hearing issues could be resolved.  *Id.* ¶ 56.  Plaintiff then sent a letter to the ALJ, ODAR, and OHO to notify them of this arrangement.  *Id.* ¶ 57.

In early 2021, Plaintiff sent ODAR a package containing a CD with exhibits from the federal court case, a request that ODAR update his file, and a pre-hearing brief.  *Id.* ¶ 58.  ODAR apparently never updated Plaintiff's case file.  *Id.* ¶ 59.  In May 2021, OHO sent Plaintiff another telephonic hearing notice.  *Id.* ¶ 60.  Plaintiff responded the next month by sending a "notice of noncompliance," claiming that the ALJ and Plaintiff "had a contract for two in-person hearings."  *Id.* ¶ 61.  To date, OHO allegedly has not responded to Plaintiff's notice of noncompliance.  *Id.* ¶ 62.

In the present action, Plaintiff has filed a Complaint seeking a declaration that the SSA has a duty to: (1) comply with internal manuals, specifically the Program Operations Manual System ("POMS") and Hearings, Appeals and Litigation Law Manual ("HALLEX"); (2) facilitate and expedite all cases; (3) specifically expedite Plaintiff's case; (4) ensure a full and complete record; (5) utilize whatever resources are needed to meet its obligation to expedite; (6) ensure Plaintiff's case file is complete; (7) process evidence in a timely fashion or provide a written explanation for denials of evidence; (8) police staff

---

[4] The Court can, and does, *sua sponte* take judicial notice of the docket of the Prior Action.  *See, e.g.*, *Headwaters, Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (holding that courts may take judicial notice of dockets in related cases because materials from proceedings in other tribunals are appropriate for judicial notice).

and guard against improper behavior; and (9) take immediate corrective action based on its

perceived failures.  *See generally* Compl.[5]

## III.   Analysis

The Court twice has dismissed Plaintiff's past pleadings due to their excessive length

and incomprehensibility.  *See* ECF Nos. 11, 31.  In its January 25, 2021 Order, the Court

noted that Plaintiff's Amended Writs were "exceedingly lengthy, repetitious, and

confusing, spanning 134 pages plus more than 900 pages of exhibits."  ECF No. 31 at 11.

In the instant Complaint, Plaintiff pared his pleading down to forty-six pages, exclusive of

exhibits.  *See* ECF No. 36.  While the Court appreciates Plaintiff's efforts, the pleadings

remain confusing and hard to follow at times.  Nevertheless, "a pro se complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (emphasis removed) (citation

omitted).  Accordingly, the Court declines this time to dismiss Plaintiff's Complaint on

Rule 8 grounds.

Nonetheless, Plaintiff's original Writs and Amended Writs were also dismissed for

the independent reason that the Court concluded it lacked subject matter jurisdiction over

Plaintiff's claims.  *See* ECF Nos. 11, 31.  "Federal district courts are courts of limited

jurisdiction that 'may not grant relief absent a constitutional or valid statutory grant of

jurisdiction' and are 'presumed to lack jurisdiction in a particular case unless the contrary

affirmatively appears.'"  *Cooper v. Tokyo Elec. Power Co.*, 990 F. Supp. 2d 1035, 1038

(S.D. Cal. 2013) (quoting *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003)).

Additionally, "a pleading that states a claim for relief must contain . . . a short and plain

---

[5] Plaintiff also makes passing references to breaches of an oral contract, negligence, intentional infliction of emotional distress, and fraud.  *See, e.g.*, Compl. ¶¶ 38, 46, 57 n.49, 70 n.61.  If Plaintiff is in fact asserting these causes of action—which is unclear to the Court—he has failed to comply with Rule 8.  To sufficiently plead a cause of action, Plaintiff's Complaint "must contain . . . a short and plain statement of the claim showing that [he] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Even construing the Complaint liberally, Plaintiff's off-hand references to these causes of action amount to "'naked assertions' devoid of 'further factual enhancement'" that do not meet Rule 8's pleading standards.  *See Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).  Once again, Plaintiff alleges substantially the same claims as he did in his original Writs and Amended Writs.  And, once again, the Court finds that it lacks subject matter jurisdiction over these claims.

As noted *supra* at page 9, Plaintiff alleges that this Court has diversity jurisdiction; federal question jurisdiction; declaratory judgment jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201; and jurisdiction under the Administrative Procedures Act, 5 U.S.C. § 702.  *See generally* Compl.  The Court analyzes each alleged basis for its jurisdiction in turn.[6]

### A.    *Diversity Jurisdiction*

Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship.  *See Weeping Hollow Ave. Trust v. Spencer*, 831 F.3d 1110, 1112 (9th Cir. 2016) ("Since the earliest days of our Republic, the Supreme Court has interpreted this provision to require complete diversity of citizenship." (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806))).  This means "that a federal court may exercise diversity jurisdiction 'only if there is no plaintiff and no defendant who are citizens of the same State.'" *Id.* (quoting *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998)).  "One claim against

---

[6] Plaintiff appears to have dropped his contention that the Court has mandamus jurisdiction over this action, an argument he raised in his prior filings.  *See generally* Compl.  However, Plaintiff raises an argument regarding mandamus in an exhibit attached to the Complaint entitled "Supplemental Law and Argument."  *See* ECF No. 36 Ex. 112 ("Supp. Argument").  The Court is unclear whether Plaintiff is alleging this as a basis for the Court's jurisdiction.  As the Court thoroughly explained to Plaintiff in its January 25, 2021 Order, however, mandamus jurisdiction is not proper here.  *See* ECF No. 31 at 18–23. Plaintiff also raises an argument about the All Writs Act in his Supplemental Argument, but again does not include it in his Complaint.  *See* Supp. Argument at 23.  Again, as the Court explained to Plaintiff in the January 25, 2021 Order, the All Writs Act is not an independent basis for subject matter jurisdiction. *See* ECF No. 31 at 24.  Accordingly, the Court finds that, to the extent Plaintiff asserts jurisdiction on either of these bases, neither provides subject matter jurisdiction over Plaintiff's claims here.

one non-diverse defendant violates this requirement and is sufficient to destroy diversity jurisdiction." *Land Home Fin. Servs. Inc. v. DBI Coinvestor Fund VIII, LLC*, No. 18-cv-00425-HSG, 2018 WL 2430893, at *1 (N.D. Cal. May 30, 2018) (citing *Schacht*, 524 U.S. at 389).

Additionally, the amount in controversy must exceed $75,000 for a court to exercise diversity jurisdiction. 28 U.S.C. § 1332(a). "[A] claim in excess of the requisite amount in controversy, made in good faith in the complaint, satisfies the jurisdictional requirement," *Barcume v. Coates*, 24 Fed. App'x 754, 756 (9th Cir. 2001) (citations omitted), unless it appears to a legal certainty the claim is for less than $75,000, *see St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938).

Here, although Plaintiff alleges that the amount in controversy exceeds $110,000, *see* Compl. ¶ 5, it appears from the face of the Complaint that complete diversity is lacking. Plaintiff alleges that he resides in California.[7] *See id.* ¶ 1. Moreover, Plaintiff appears to bring causes of action against several individuals. *See id.* ¶ 3 n.2. Indeed, Plaintiff asserts that "the causes of action[] involve key individuals of the Agency, Office of Disability Adjudication and Review . . . [and] Office of Hearings Operations." *Id.* ¶ 3. Yet nearly all the addresses Plaintiff provides for these individuals are in California. *See id.* ¶ 3 n.2. It is unclear to the Court what exactly these addresses are. If they represent where these individuals are domiciled, then complete diversity does not exist, as Plaintiff appears to allege that he is a citizen of the State of California. *See Weeping Hollow*, 831 F.3d at 1112. If, on the other hand, they are business addresses, Plaintiff has failed to affirmatively allege the basis for diversity jurisdiction under 28 U.S.C. § 1332. *See Handal & Assocs. v. Sandler*, No. 18cv169-L(AGS), 2018 WL 3533057, at *1 (S.D. Cal. July 23, 2018) ("The

---

[7] "While residence is not necessarily the same as domicile, the 'place where a person lives is taken to be his [or her] domicile until facts adduced establish the contrary.'" *Roehm v. Ford Motor Co.*, No. 18CV1278 JM(JMA), 2018 WL 4520542, at *2 (S.D. Cal. Sept. 21, 2018) (quoting *Anderson v. Watt*, 138 U.S. 694, 706 (1891)).

complaint must affirmatively allege the state of citizenship of each party." (citing *Bautista v. Pan Am. World Airlines*, 828 F.2d 546, 552 (9th Cir. 1987))).

Even assuming, *arguendo*, that Plaintiff is alleging causes of action only against the Acting Commissioner of the SSA, *see* Compl. ¶ 2, diversity jurisdiction still does not lie. First, "section 1332 . . . 'does not provide a basis for suing the United States or its agencies or officers acting in their official capacity.'" *Purisima v. Astrue*, No. 12 CIV. 3528 WHP JLC, 2012 WL 5519295, at *2 (S.D.N.Y. Nov. 14, 2012) (quoting *Borromeo Escaler v. U.S. Citizenship & Immigration Servs.,* No. 03 Civ. 8418, 2007 WL 1975485, at *4 (S.D.N.Y. July 6, 2007)). Even overlooking this fatal flaw, however, Plaintiff's allegations as to Defendant's citizenship suffer from similar defects as identified above. For instance, Plaintiff lists two addresses that appear to be for the Social Security Administration. *See id*. But the Complaint does not clearly allege where Defendant is *domiciled*. While courts construe pleadings by pro se litigants liberally, a pro se litigant still must comply with the Federal Rules of Civil Procedure. *See Carter v. Comm'r*, 784 F.2d 1006, 1008 (9th Cir. 1986). And Rule 8 mandates that Plaintiff's Complaint "contain . . . a short and plain statement of the grounds for the [C]ourt's jurisdiction." Fed. R. Civ. P. 8(a)(1); *see also Thornhill Publ'g Co. v. General Tel. & Elec. Corp.*, 594 F.2d 546, 551 (9th Cir. 1979) (noting that a plaintiff bears the burden of demonstrating that jurisdiction is proper). Save for Plaintiff stating that he is a "California resident," Plaintiff's Complaint is wholly devoid of any allegation as to where the Parties to this action are domiciled. *See generally* Compl. The Court therefore concludes it cannot exercise jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

## B.   *Federal Question Jurisdiction and 42 U.S.C. § 405(g)*

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Pursuant to the Social Security Act (the "Act"), however, "[n]o action against . . . the Commissioner of Social Security . . . shall be brought under section 1331 . . . of title 28 to recover on any claim arising under [Title 42, Chapter 7,] subchapter [II]." 42 U.S.C. § 405(h). "The

17

20-cv-747 JLS (AHG)

Supreme Court has read Section 405(h) broadly to encompass any claim for which the [Act] provides both the 'standing and substantive basis.'" *Taylor v. Astrue*, No. C-07-05549 EDL, 2008 WL 3823718, at *1 (N.D. Cal. Aug. 13, 2008) (quoting *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)) (citing *Hecker v. Ringer*, 466 U.S. 602, 614–18 (1984)); *accord Stevenson v. Astrue*, No. C 06-05422 JSW, 2007 WL 9711964, at *3 (N.D. Cal. May 1, 2007) ("The Supreme Court has interpreted the term 'arising under,' as used in Section 405(h), to require that 'virtually all legal attacks' be channeled through the administrative process.") (citing *Shalala v. Ill. Council on Long Term Care*, 529 U.S. 1, 13 (2000); *Heckler*, 466 U.S. 602; *Weinberger*, 422 U.S. 749).

"The Ninth Circuit, following *Weinberger* and its progeny, has articulated two tests 'to determine whether claims arise under' the Social Security Act." *Stevenson*, 2007 WL 9711964, at *4 (quoting *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1112 (9th Cir. 2003)). "The first test examines whether the claims are inextricably intertwined with a [Social Security] benefits determination." *Id.* (quoting *Kaiser*, 347 F.3d at 1112) (internal quotation marks omitted) (alteration in original). "If so, they arise under the Social Security Act." *Id.* (citing *Kaiser*, 347 F.3d at 1112). "The second test examines whether the claims are such that both the standing and the substantive basis for the presentation of the claims is the Social Security Act." *Id.* (internal quotation marks omitted) (citing *Kaiser*, 347 F.3d at 1112). "Again, if the answer to that question is yes, the claims 'arise under' the act." *Id.* (citing *Kaiser*, 347 F.3d at 1112).

While Plaintiff has pared down the length of the allegations contained in his Complaint, the substance of his claims remains substantially the same. As before, "the crux of [Plaintiff's C]omplaint is with irregularities in the processing of h[is] individual claim for benefits and . . . []he seeks to remedy that allegedly flawed process as it applied to h[im]." *See id.* "Thus, the Court concludes that the allegations in the . . . Complaint are inextricably intertwined with the determination of [Plaintiff's] claim for benefits, and further concludes that the Social Security Act provides the standing and substantive basis for presenting the claims to this Court." *See id.*; *see also Korb v. Colvin*, No. 4:12-CV-

03847-JST, 2014 WL 2514616, at *6 (N.D. Cal. June 4, 2014) ("[T]he Court concludes that [the plaintiff]'s first (violation of the APA), second (wrongful seizure of property), and fourth (declaratory and injunctive relief) claims all 'arise under' the Social Security Act because they are 'inextricably intertwined' with a Social Security benefits determination."); *Taylor*, 2008 WL 3823718, at *2 ("[T]he Appeals Council's remand provides [the plaintiff] additional process, unlike cases that required reopening to address similar issues.  Therefore, Plaintiff's allegation of the undue delay of adjudicating his case does not raise a colorable constitutional claim that supports federal question jurisdiction."). Accordingly, "the exhaustion requirements of Section 405(g) apply." *See Stevenson*, 2007 WL 9711964, at *4; *accord Korb*, 2014 WL 2514616, at *6 ("[The plaintiff] was required to exhaust those claims administratively before filing a federal action.") (citing *Johnson v. Shalala*, 2 F.3d 918, 920 (9th Cir. 1993)).[8]

---

[8] Plaintiff also repeats the same argument that he made in his Amended Writs—that "[Plaintiff] is part of an entire class of disabled individuals similarly situated and negatively impacted by the agency's failures to comply with its own rules, policies and regulations while operating on hidden policies that cannot be defended against by any claimant (simply because they are, in fact, hidden)." Supp. Argument at 3.  The Court once again finds that, as pleaded, Plaintiff is asserting claims on behalf of himself alone and not any class.  Nor could Plaintiff assert claims on behalf of a class, as "[i]t is well established that the privilege to represent oneself pro se provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2008).

Plaintiff also once again takes issue with the Court's citations to *Korb* and *Taylor*, arguing that "[v]iolations of the APA do not arise under the Social Security Act," and that he "does not ask the court to substitute its decisions for those of the agency but to press the decision making process into being expedited through the strongest and most aggressive way possible so as to make an impact on an agency that, traditionally, has little or no respect for the courts or claimants." Supp. Argument at 3–4.  However, as *Korb* and multiple other authorities make clear, APA claims premised on the denial of benefits and irregularities in that process often are found to "arise under" the SSA. *See, e.g., Keovongsa v. Colvin*, No. 16-CV-842-BTM-NLS, 2016 WL 6962748, at *2 (S.D. Cal. Nov. 28, 2016) (finding APA claim alleging Defendant "failed to afford [claimant] a full and fair hearing . . . , in violation of the [APA], 5 U.S.C. § 706(2)(A)," arose under the SSA, and therefore court lacked subject-matter jurisdiction).  As with his original and Amended Writs, Plaintiff's Complaint is "rooted in the way the SSA reviewed and decided Plaintiff's application for SSI benefits.  Accordingly, because Plaintiff's . . . Complaint improperly asserts jurisdiction under 28 U.S.C. § 1331 rather than under 42 U.S.C. § 405(g), it must be dismissed for lack of subject matter jurisdiction." *Winters v. Comm'r of Soc. Sec. Admin.*, No. CV-18-03323-PHX-JAT, 2019 WL 3767012, at *5 (D. Ariz. Aug. 9, 2019).

1    Pursuant to 42 U.S.C. § 405(g), "[a]ny individual, after any final decision of the
2    Commissioner of Social Security made after a hearing to which he was a party, irrespective
3    of the amount in controversy, may obtain a review of such decision by a civil action
4    commenced within sixty days after the mailing to him of notice of such decision or within
5    such further time as the Commissioner of Social Security may allow."  Section 405(g)
6    "provides federal courts with jurisdiction to review decisions of the [Commissioner] which
7    are 'final.'"  *Hironymous v. Bowen*, 800 F.2d 888, 894 (9th Cir. 1986).  "The finality
8    condition has been held to include a nonwaivable requirement of presentation of the claim
9    and a waivable requirement of exhaustion of administrative remedies."  *Id.* (citing *Mathews*
10   *v. Eldridge*, 424 U.S. 319, 328 (1976)).

11       As with Plaintiff's Amended Writs, it is clear from Plaintiff's Complaint that he has
12   presented his case to the SSA.  And, as with Plaintiff's Amended Writs, it also is clear that
13   the SSA remanded his case for further proceedings.  "In light of the . . . remand [of
14   Plaintiff's case to the ALJ], Plaintiff has not exhausted h[is] administrative recourse."  *See*
15   *Coleman v. Barnhart*, No. C 03-0089 SI, 2003 WL 22722816, at *3 (N.D. Cal. Nov. 12,
16   2003).  Plaintiff claims that "a decision was made with respect to Claimant's cardo [*sic*]
17   disability—which qualifies as a final decision within the framework of the larger disability
18   claim."  Supp. Argument at 5.  Further, Plaintiff argues that exhaustion should be waived
19   as to his remaining claims, as this is a case "'where a claimant's interest in having a
20   particular issue resolved promptly is so great that deference to the agency's judgment is
21   inappropriate."  Supp. Argument at 5 (quoting *Matthews v. Eldridge*, 424 U.S. 319, 330
22   (1976)).  A district court may waive the exhaustion requirement if the claim at issue is "(1)
23   collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing
24   that refusal of the relief sought will cause an injury which retroactive payments cannot
25   remedy (irreparability), and (3) one whose resolution would not serve the purposes of
26   exhaustion (futility)."  *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987) (citations
27   omitted).
28   / / /

As an initial matter, the Court still does not find that Plaintiff has exhausted his cardio claim, as it is not clear to the Court that the cardio claim was excluded from the Appeals Council's remand order.  *See generally* Ex. 24 (ordering ALJ to "[c]larify the alleged onset date of disability and further evaluate the nature and severity of the claimant's medically determinable impairments throughout the entire period at issue," which, while it does not specify the cardio claim, also does not specify any other disability claims, and accordingly does not seem to exempt the cardio claim).  Accordingly, the Court will assess whether waiver of exhaustion applies to Plaintiff's Complaint.

Plaintiff likely has adequately alleged irreparability, as the Ninth Circuit has held that "economic hardship suffered by the plaintiffs while awaiting administrative review constitutes irreparable injury." *Johnson*, 2 F.3d at 922 (citing *Schweiker v. Chilicky,* 487 U.S. 412, 428 (1988)).  Further, additional alleged harms, such as "undue mental and physical forms of stress," are irreparable. *Doe*, 2009 WL 2566720, at *6 (finding payment of benefits could not reverse "severe anxiety, psychotic episodes, and hallucinations" allegedly caused by the Agency's actions).

As to futility, Plaintiff claims that he "will almost certainly be dead prior" to the time that he can exhaust his administrative remedies, and that "a fair and impartial second hearing is impossible due to hidden policies and procedures that are harming [Plaintiff] and his ability to fully and fairly complete the record." Supp. Argument at 6 (footnote omitted). It does appear that much of the relief Plaintiff requests—for example, expedition of Plaintiff's case and processing of all evidence related to Plaintiff's case file—would be rendered futile by requiring exhaustion.

However, Plaintiff has once again not adequately alleged collaterality. "A plaintiff's claim is collateral if it is not essentially a claim for benefits." *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993) (citing *Bowen v. City of New York,* 476 U.S. 467, 483 (1985)). While Plaintiff asks for various types of relief throughout his Complaint, the gist of the action appears to revolve around the denial of Plaintiff's SSDI benefits. *See, e.g.*, Compl.

/ / /

¶ 13[9] ("Defendant failed to comply with HALLEX and act in 'good faith' by not affirming Claimant's cardio disability."); *id*. ¶ 8[10] ("Defendant's noncompliance with POMS and failure to act in 'good faith' directly injured Claimant by improperly denying timely paid [SSDI] benefits that would have otherwise been due and paid."). Meanwhile, the remainder of Plaintiff's Complaint appears to contest the procedures used in handling his claim. *See generally id.* As with Plaintiff's prior writs, the Complaint does not appear to allege systemic policies misapplied across the board, but rather the Agency's purported failure to abide by its own policies and regulations with regard to Plaintiff's specific benefits claim.[11] Accordingly, because Plaintiff has not adequately alleged collaterality, he has failed to establish the finality condition, and thus the Court lacks jurisdiction over the Complaint under Section 405(g).[12]

---

[9] As noted *supra* at note 3, there are multiple paragraphs throughout the Complaint that are duplicatively numbered. This particular citation refers to the section of the Complaint entitled "Second Cause of Action."

[10] This citation refers to the section of the Complaint entitled "First Cause of Action."

[11] Plaintiff consistently refers to "hidden policies" used by the SSA, as well as a "backdoor policy." *See, e.g.*, Supp. Argument at 6, 8. As with his Amended Writs, however, Plaintiff fails to allege what exactly this policy is. *Cf. Briggs v. Sullivan*, 886 F.2d 1132, 1139–41 (9th Cir. 1989) (waiving exhaustion in putative class action challenging "policy of suspending benefits for up to 90 days (and in some cases longer) when a claimant lacks a representative"); *Johnson v. Shalala*, 2 F.3d 918, 921–22 (9th Cir. 1993) (noting that challenges to "policy that mandated a presumption that mentally disabled applicants were qualified to do unskilled work" and "policy of treating as income all in-kind loans" were collateral, as "the plaintiff's attack is essentially to the policy itself, not to its application to them, nor to the ultimate substantive determination of their benefits"). Accordingly, Plaintiff's allegations are inadequate to establish collaterality.

[12] The Court further notes that Plaintiff once again fails to address the 60-day filing period, which is also relevant to the jurisdictional issue. *See, e.g.*, *Anderson v. Astrue*, No. 1:08CV00033-SMS, 2008 WL 4506606, at *3 (E.D. Cal. Oct. 7, 2008) ("It is established that § 405(g) is a statute of limitations. However, it is likewise a condition on the waiver of sovereign immunity and thus has been strictly construed to permit extension only in special circumstances. Sovereign immunity is jurisdictional in nature. The limitations to final decisions and to a sixty-day filing period serve to compress the time for judicial review and to limit judicial review to the original decision denying benefits, thereby forestalling repetitive or belated litigation of stale eligibility claims.") (citations omitted). To the extent Plaintiff's Complaint fails to comply with the 60-day limitations period, Plaintiff bears the burden of establishing that equitable tolling applies. *See Little v. Astrue*, No. CV 12-30-BU-DLC, 2012 WL 5879602, at *1 (D. Mont. Nov. 21, 2012) ("[T]he Court may extend the 60–day statute of limitations period enumerated in § 405(g) where

### C.  Declaratory Judgment Jurisdiction

"The Declaratory Judgment Act[] is not a jurisdictional statute.  Stated another way, the Declaratory Judgment Act[] is not an independent source of federal jurisdiction." *Cox v. Lee*, No. CV-20-0275-PHX-DMF, 2020 WL 1904625, at \*5 (D. Ariz. Apr. 17, 2020) (citing *Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983)).  Rather, "the Declaratory Judgment Act merely makes available a specific type of relief in a case where a district court already has jurisdiction." *Neal v. Brown*, 451 F. Supp. 1335, 1337 (S.D. Cal. 1978) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950); *Jarrett v. Resor*, 426 F.2d 213 (9th Cir. 1970)).  While Plaintiff alleges he is entitled to a "judicial declaration pursuant to the Federal Declaratory Judgment Act," *see* Compl.,[13] as the Court noted in its January 25, 2021 Order and for the reasons provided above, the Declaratory Judgment Act cannot alone confer subject matter jurisdiction.  *See* ECF No. 31 at 23.

### D.  Administrative Procedure Act Jurisdiction

Under the Administrative Procedure Act ("APA"), "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.[14]  The

---

the equities in favor of tolling the limitation are so great that deference to the agency's judgment is inappropriate.  The plaintiff bears the burden of establishing the exceptional circumstances that warrant equitable tolling, and generally must show fraud, misinformation or deliberate concealment.  In the Ninth Circuit, [e]quitable tolling focuses on whether there was excusable delay by the plaintiff and may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of [her] claim.") (internal quotation marks and citations omitted).  Plaintiff's failure to address this issue is yet another reason why the Court lacks jurisdiction over his claims under Section 405(g).

[13] Plaintiff does not allege the Declaratory Judgment Act to be the basis for this Court's jurisdiction in the section of his Complaint entitled "Parties, Jurisdiction, and Venue." *See generally* Compl.  However, in the section of the Complaint entitled "Discussion," Plaintiff alleges, in an unnumbered paragraph, that he seeks a judicial declaration pursuant to the Federal Declaratory Judgment Act. *See id.*  While it is unclear to the Court whether Plaintiff is actually asserting the Declaratory Judgment Act as a basis for this Court's jurisdiction, the Court will nevertheless address this argument.

[14] Plaintiff also contends that the Court has "original subject matter jurisdiction pursuant to 5 U.S.C. § 551." *See* Compl. ¶ 6.  As with 5 U.S.C. § 702, however, there still must exist subject matter jurisdiction for a court to review agency action under the APA. *See Bush v. Clover Stornetta, Inc.*, No. 4:21-cv-03066-YGR, 2021 WL 2413269, at \*2 (N.D. Cal. June 14, 2021) (dismissing pro se complaint that alleged 5 U.S.C. § 551 as the basis for the court's jurisdiction because subject matter jurisdiction was lacking).

Supreme Court, however, has held that "the APA does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action."  *See Califano v. Sanders*, 430 U.S. 99, 107 (1977).  Accordingly, the APA alone does not suffice to confer subject matter jurisdiction over Plaintiff's Complaint.  *See, e.g.*, *Kim Phuong Nguyen v. Astrue*, No. 10CV1927-IEG JMA, 2011 WL 2470518, at *4 (S.D. Cal. June 21, 2011) ("[T]he Administrative Procedures Act is not an independent basis of subject matter jurisdiction.") (citing *Visiting Nurse Servs., Inc. v. Shalala*, 525 U.S. 449, 457–58 (1999)).[15]

## E.    Conclusion

In light of the foregoing, the Court finds that it lacks subject matter jurisdiction over Plaintiff's Complaint, and dismissal is therefore warranted for this reason.

## REMAINING MOTIONS

In light of the dismissal of Plaintiff's Complaint for failure to adequately allege a basis for subject matter jurisdiction, *see supra* pages 14–24, the Court **DENIES AS MOOT** Plaintiff's Counsel Motion, Plaintiff's Motion for Summary Judgment, Plaintiff's Miscellaneous Ex Parte Motions, Plaintiff's Ex Parte Counter-Motion to Dismiss, and Defendant's Motion to Strike.

## CONCLUSION

In light of the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Local Rule Waiver Motions (ECF Nos. 38, 40, and 44); **DENIES** Plaintiff's Motion for Judicial Notice (ECF No. 46); **DENIES** Plaintiff's Motion for Time Extension (ECF No. 48); and **DENIES AS MOOT** Plaintiff's Counsel Motion (ECF No. 50), Plaintiff's Motion for Summary Judgment (ECF No. 52), Plaintiff's Miscellaneous Ex Parte Motions (ECF Nos. 55, 56, 57), Plaintiff's Ex Parte Counter-Motion to Dismiss (ECF

---

[15] Plaintiff appears to concede as much, *see* Supp. Argument at 22–23 (noting "the APA is typically used as a <u>cause of action</u> and facilitator of remedies once the court has opened the case and agrees it has subject matter jurisdiction") (emphasis in original), but nonetheless continues to assert the APA as a basis for jurisdiction, *see* Compl. ¶ 6.

No. 59), and Defendant's Motion to Strike (ECF No. 53).  Finally, the Court was clear when it dismissed Plaintiff's Amended Writs that he had "one final opportunity to . . . adequately allege a basis for subject matter jurisdiction."  *See* ECF No. 31 at 25. Because Plaintiff has failed to do so, despite being advised of the deficiencies in his pleadings and being provided multiple opportunities to cure them, Plaintiff's Complaint is frivolous, and the Court **DISMISSES** the Complaint (ECF No. 36) **WITHOUT LEAVE TO AMEND** pursuant to 28 U.S.C. § 1915(e)(2).  The Clerk of the Court **SHALL CLOSE** the file.[16]

   **IT IS SO ORDERED.**

Dated:  November 1, 2021

Hon. Janis L. Sammartino
United States District Judge

---

[16] The Court dismisses Plaintiff's claims without prejudice, as "[d]ismissals for lack of subject-matter jurisdiction . . . must be without prejudice, because a lack of jurisdiction deprives the dismissing court of any power to adjudicate the merits of the case."  *Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017) (citing *Wages v. I.R.S.*, 915 F.2d 1230, 1234 (9th Cir. 1990)).  Nonetheless, the Court also dismisses Plaintiff's claims without leave to amend, as the Court finds amendment would be futile in the present circumstances.  *See, e.g.*, *Smith v. Puget Sound Allergy, Asthma & Immunology on behalf of Doe*, No. C21-5169-JCC, 2021 WL 1854918, at *2 (W.D. Wash. May 10, 2021) (dismissing pro se plaintiff's complaint for failure to state a claim and lack of subject matter jurisdiction without prejudice but also without leave to amend and directing clerk to close the case); *Monaghan v. Kyle*, No. CV 09-5698-DOC (E), 2010 WL 373667, at *3 (C.D. Cal. Feb. 2, 2010) (where pro se plaintiff's subsequent pleading replicated deficiencies of earlier pleading despite opportunity to cure said deficiencies and "Plaintiff asserts frivolous claims over which the Court lacks jurisdiction," dismissing without prejudice and without leave to amend).  As this is not an adjudication on the merits, Plaintiff may file his claims anew if and when he can assert a proper basis for the federal courts' limited jurisdiction.